UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                       :
UNITED STATES OF AMERICA,                              :
                                                       :
                v.                                     :          16-CR-588-2 (PAC)
                                                       :
JOHN DOE #2,                                           :          **OPINION & ORDER**
                                                       :
                        *Defendant*.                   :
                                                       :
-------------------------------------------------------x

      Defendant John Doe #2 ("JD–2") is incarcerated in Federal Correction Institution ("FCI")

Ashland.  He moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), alleging

his Type-2 Diabetes constitutes an extraordinary and compelling reason for release during the

COVID-19 pandemic.  The Government opposes JD-2's motion, contending the 18 U.S.C.

§ 3553(a)'s sentencing factors weigh against releasing him.  For the reasons that follow, JD-2's

motion for compassionate release is **DENIED**.

**BACKGROUND**

      On September 1, 2016, JD-2 and his father, John Doe #1, pled guilty in connection with a

drug trafficking scheme.  *See* Presentence Investigation Report ("PSR") ¶¶ 2–4, 6.  Pursuant to a

plea agreement, JD-2 pled guilty to three counts: (I) conspiring to import controlled substances,

in violation of 21 U.S.C. § 963; (II) conspiring to distribute controlled substances, in violation of

21 U.S.C. § 846; and (III) making false statements to the DEA, in violation of 18 U.S.C. § 1001.

*See id.*  His Sentencing Guidelines range called for 262 to 327 months' imprisonment, and the

Probation Office recommended a sentence of 262 months.  *See id.* at 18–19.

On May 15, 2018, the Court sentenced both father and son. For JD-2, the Court imposed a sentence[1] of 144 months imprisonment for each of Counts I and II, and 60 months on Count III. *See* Sent'g. Tr. 51. All three sentences were to run concurrently. *Id.* JD-2's father received the same sentence of 144 months; the Second Circuit later upheld both sentences as reasonable. *See United States v. Doe #1*, 802 F. App'x 655, 656–57 (2d Cir.), *cert. denied sub nom. Doe v. United States*, 141 S. Ct. 828 (2020). JD-2's sentence was "significantly" below his Guidelines range. *Id.* at 657.

JD-2 has served approximately 5 years of his 12-year sentence. He has spent time in three federal facilities during that time. He began at Moshannon Valley Correctional Facility in Pennsylvania. *See* Def.'s Mot. Compassionate Release ("C.R. Mot.") 2. Then in April 2021, he was moved to FCI Ray Brook in New York. *See* Def.'s First Suppl. Ltr. at 2. Finally, in late June 2021, he was moved to FCI Ashland, where he is located today. *See* Def.'s Third Suppl. Ltr. at 1. At some point in 2021, JD-2 received two shots of the Moderna vaccine against COVID-19. *See* Def.'s Fourth Suppl. Ltr. at 1.

JD-2 filed his motion for compassionate release on January 14, 2021. *See* C.F. Mot. The Government opposed the motion on February 5, 2021. *See* Gov't's Opp'n. JD-2 then filed a letter reply on February 9, 2021. *See* Def.'s Reply. He also filed several supplemental letters updating the Court on his status in prison. *See* Def.'s First Suppl. Ltr. (Apr. 30, 2021); Def.'s Second Suppl. Ltr. (May 20, 2021); Def.'s Third Suppl. Ltr. (June 23, 2021); Def.'s Fourth Suppl. Ltr. (Oct. 21, 2021). The Government responded to JD-2's first supplemental letter. *See* Govt's Ltr. (May 17, 2021).

---

[1] The Court also imposed a fine of $390,000 on JD-2, which the Court reaffirmed in an order issued on January 27, 2021 (ECF No. 2).

## DISCUSSION

### I.   Applicable Law

Once imposed, a district court must leave a term of imprisonment undisturbed, subject to a few limited exceptions. *See* 18 U.S.C. § 3582(c); *United States v. Maldonado*, No. 16-CR-285 (CM), 2021 WL 639069, at *1 (S.D.N.Y. Feb. 17, 2021). The relevant exception here is known as the "Compassionate Release" provision, which allows a defendant to petition the district court for a sentence reduction after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Once the defendant has satisfied this administrative exhaustion requirement, the district court may grant a sentence reduction if it determines (1) the defendant has established "extraordinary and compelling reasons warrant such a reduction," and (2) a sentence reduction would be consistent with § 3553(a)'s sentencing factors. *Id.*; *United States v. McKay*, No. 1:18-CR-339-PAC-7, 2021 WL 807108, at *2 (S.D.N.Y. Mar. 3, 2021). The Court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). The only statutory constraint is that the Court shall not consider rehabilitation alone as an extraordinary and compelling reason to reduce the sentence. *See id.* at 237–38.

### II.   Application

#### A. Exhaustion

JD-2 has satisfied § 3582(c)(1)(A)'s exhaustion requirement. He requested compassionate release from the BOP on or about October 27, 2020. *See* C.R. Mot., Ex. B at 1.

3

The BOP rejected his request the next day, stating it would not release JD-2 because of an Immigration and Customs Enforcement detainer filed against him. *See id.* at 3–4. That detainer does not bar this Court's review of JD-2's motion, see *United States v. Pinto-Thomaz*, 454 F. Supp. 3d 327, 328 n.2, 331 (S.D.N.Y. 2020), and 30 days have passed since JD-2's request and the BOP's decision. Thus, JD-2 has exhausted his administrative remedies and the Court may consider his motion.

### B. Extraordinary and Compelling Circumstances

JD-2 has failed to prove any extraordinary and compelling circumstances to reduce his sentence during the COVID-19 pandemic. He is fully vaccinated and the conditions of the prison where he is incarcerated are stable. Thus, his motion fails.

JD-2 contends his Type-2 diabetes mellitus puts him at greater risk severe illness or death from COVID-19 while at FCI Ashland. *See* C.R. Mot. at 5; *id.* Ex. C (JD-2's medical records). He also claims he has hypothyroidism and hyperlipidemia, which are conditions related to diabetes. *See id.* The Centers for Disease Control ("CDC") recognizes diabetes can increase the risk of severe COVID-19 complications,[2] and the Government appears to concede JD-2's condition could constitute an extraordinary and compelling condition for release during the pandemic. *See* Gov't's Opp'n at 4.

Nevertheless, JD-2's diabetes does not compel this Court to reduce his sentence. For one, JD-2's health appears steady. He takes multiple diabetes medications and admits he "receive[s] extensive care for his diabetic condition." C.R. Mot. at 2. One of his most recent letters from FCI Ashland states his "health remains essentially unchanged" as of June 2021.

---

[2] *See* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Nov. 15, 2021).

Def.'s Third Suppl. Ltr. at 1. Additionally, last year JD-2 twice declined medical advice

regarding dieting to treat his diabetes. *See* Govt's Opp'n, Ex. A at 17, 120. JD-2's refusal to

mitigate his own condition suggests his COVID-19 risk is somewhat self-inflicted. *Cf. United*

*States v. Mack*, No. 19-CR-27 (PGG), 2021 WL 4148729, at *2 (S.D.N.Y. Sept. 13, 2021)

(defendant's refusal to accept a COVID-19 vaccine weakens a compassionate release motion

based on medical reasons) (collecting cases).

    More importantly, JD-2 is now fully vaccinated from COVID-19. This Court has found

the Moderna vaccine that JD-2 received "is highly effective against COVID-19, and remains

significantly effective against COVID-19 variants." *See United States v. Kosic*, No. 18-CR-30

(PAC), 2021 WL 1026498, at *2 (S.D.N.Y. Mar. 17, 2021). Thus, "courts in this circuit have

found that vaccination mitigates the risk an inmate faces from COVID-19 to the point that his

health conditions weighing in favor of release are no longer extraordinary and compelling." *Id.*

(citations omitted); *see also United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or

the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that

the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.").

    JD-2 maintains *Kosic* is inapplicable because the defendant in that case offered no proof

of diabetes and had already recovered from COVID-19. *See* Def.'s Second Suppl. Ltr. at 1. By

contrast, JD-2 claims his own diabetes is "well-documented and serious." *Id.* However, multiple

courts in the Southern District have concluded that once a defendant is vaccinated, Type-2

diabetes does not create extraordinary and compelling conditions for release during the

pandemic—even when combined with other medical conditions, which JD-2 does not allege.

*See e.g., United States v. Jones*, No. 17-CR-214 (CM), 2021 WL 4120622, at *2 (S.D.N.Y. Sept.

9, 2021); *United States v. Barnett*, No. 90-CR-913 (LAP), 2021 WL 3550217, at *3 (S.D.N.Y. Aug. 10, 2021).

Furthermore, there are close to zero reported cases of COVID-19 at FCI Ashland. As of November 15, 2021, the prison had no COVID-19 cases out of 1,236 inmates, and only one active staff case.[3] JD-2 likewise reported a low level of cases at the prison in June 2021—at that time, the prison had one inmate case and one staff case. *See* Def.'s Third Suppl. Ltr. at 1. Over 80% of the prison's inmates have received vaccines, further reducing the risk of major outbreaks in the future.[4] The Court remains mindful "just how little we may presume to know about the course of this pandemic." *Alabama Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 141 S. Ct. 2485, 2494 (2021) (Breyer, J., dissenting). But today, the conditions at FCI Ashland simply "do not present the level of risk that existed early in the COVID-19 pandemic." *United States v. Person*, No. 16-CR-0445 (TDC), 2021 WL 3634179, at *2 (D. Md. Aug. 17, 2021).

Given his COVID-19 vaccination and the current conditions at FCI Ashland, JD-2 has not established an extraordinary and compelling medical reason to reduce his sentence. "For that reason alone, the motion must be denied." *Maldonado*, 2021 WL 639069 at *4.

### C. § 3553(a) Factors

Without extraordinary and compelling reasons to reduce JD-2's sentence, the Court need not address whether the § 3553(a) factors counsel against granting his motion. *See, e.g.*, *McKay*, 2021 WL 807108 at *5. Thus, the Court makes no findings of fact or conclusions of law regarding the § 3553(a) factors.

---

[3] *See* BOP, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last accessed Nov. 15, 2021); BOP, *FCI Ashland*, https://www.bop.gov/locations/institutions/ash/ (last accessed Nov. 15, 2021).

[4] *See* BOP, *COVID-19 Cases*, *supra*.

III.   **Sealing**

Both JD-2 and the Government request the Court maintain under seal filings or exhibits related to this motion.

For years, this case was kept entirely under seal.  However, in January 2021 the Court issued an order laying out specific parameters for sealing going forward.  *See generally* Sealing Order (ECF No. 1), *reconsideration denied* (ECF No. 3).  As relevant here, Court maintained under seal the Defendants' legal names (allowing them to use the pseudonyms JD-1 and JD-2), their cooperation in certain other cases, and their presentence reports.  *See* Sealing Order at 9–12.  But the Court required the parties to unseal most other information about the case—much of which was already in the public realm—including the Defendants' father-son relationship, their status as former cooperators, and their testimony in *United States v. Campo Flores*, No. 15-CR-765 (PAC), 2016 WL 5946472 (S.D.N.Y. Oct. 12, 2016).  *See* Sealing Order at 6–7.  Applying the Sealing Order here, the Court instructs the parties to file public versions of the documents from this motion, with a few exceptions.

The parties seek to maintain under seal five filings: (1) JD-2's entire original motion and Exhibits A, B, and C to that motion; (2) Exhibit A to the Government's opposition; (3) JD-2's reply letter in support of his motion, dated February 9, 2021; (4) JD-2's first supplemental letter in support of his motion, dated April 30, 2021; and (5) JD-2's fourth supplemental letter in support of his motion, dated October 21, 2021.

First, JD-2's original motion must be filed publicly, with limited redactions.  JD-2 requests the entire motion—and its exhibits—remain under seal.  *See* C.R. Mot. at 9.  But per the Court's Sealing Order, the motion itself does not contain any information that would compromise JD-2's safety besides his real name.  The motion also discusses JD-2's diabetes.

7

Despite the personal nature of this disclosure, the Court finds that redacting references to JD-2's diabetes is not warranted.  By moving for compassionate release based on the risk of COVID-19 from his diabetes, JD-2 has placed this limited aspect of his medical history in issue.  *See United States v. King*, 2012 WL 2196674, at *2 (S.D.N.Y. June 15, 2012) (declining to seal medical records because the defendant asked the court "to consider [her medical records] in arriving at the sentence in [her] case"); *United States v. Dare*, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008) (similar).[5]  JD-2 is directly to file his motion publicly, but with his real name redacted or replaced by the pseudonym "John Doe #2" or "JD-2" throughout.[6]

Next are the exhibits to that motion.  Exhibit A is JD-2's judgment from this Court.  This judgment has already been filed publicly—with redactions to JD-2's real name—at ECF No. 31.  Exhibit A should be filed the same way: as a public document, except for redactions to JD-2's name.  Exhibit B is JD-2's motion to the BOP for release (which discusses his medical conditions and personal identifying information, including his social security number), while Exhibit C is JD-2's medical records from prison.  In contrast to the motion itself, these detailed medical records go beyond the scope of JD-2's generalized argument about diabetes.  Accordingly, JD-2's privacy interest in these records outweighs the public's right to access them, *see McKay*, 2021 WL 807108 at *4 n.8; *Bush*, 2021 WL 3097417 at *2 n.2, so Exhibits B and C will remain under seal.

---

[5] The Court likewise declines to redact the portion of this opinion discussing these limited aspects of JD-2's medical history.  *See United States v. Bush*, No. 17-CR-611-4 (AT), 2021 WL 3097417, at *2 n.2 (S.D.N.Y. July 21, 2021); *United States v. Ebbers*, 432 F. Supp. 3d 421, 423 n.1 (S.D.N.Y. 2020) ("The medical records themselves remain under seal, but the Court draws a limited number of details from them for the purposes of this Opinion.").

[6] All of JD-2's other filings related to this motion properly use his pseudonym.

Exhibit A to the Government's opposition also contains JD-2's medical records from prison. *See* Govt's Opp'n at 5 fn.2 (requesting sealing).  For the reasons stated immediately above, Exhibit A will also remain under seal.

Finally, JD-2 requests three of his letters to this Court be kept under seal because they confirm his diabetes and/or COVID-19 vaccination status.  But again, JD-2 has placed these limited aspects of his medical history directly at issue.  Thus, JD-2 shall publicly file his letters of February 9, 2021, April 30, 2021, and October 21, 2021.

## CONCLUSION

JD-2's motion for compassionate release is **DENIED** without prejudice as to its renewal should his health or the conditions at FCI Ashland materially worsen.  The parties are directed to publicly file their briefing associated with this motion, except JD-2's real name should be pseudonymized, and the Court will maintain under seal Exhibits B and C to JD-2's motion and Exhibit A to the Government's opposition.


Dated: New York, New York                    SO ORDERED
          November 16, 2021

_____
HONORABLE PAUL A. CROTTY
United States District Judge